IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| SHAWN G. NICE, | ) | |
|     Petitioner, | ) | Civil Action No. 7:17cv00169 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| C. RATLEDGE, | ) | United States District Judge |
|     Respondent. | ) | |

**MEMORANDUM OPINION**

Petitioner Shawn G. Nice, a federal inmate housed at the United States Penitentiary in Lee County, Virginia, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Nice alleges that his federal criminal sentence is unlawful under *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015). Upon review of the record, the court concludes that Nice's claim for relief cannot proceed under § 2241 and, therefore, will dismiss this action without prejudice.

Nice was convicted in the United States District Court for the Southern District of Florida of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). *United States v. Nice*, No. 0:09cr60285-KAM-1 (S.D. Fla. July 26, 2010). Nice appealed, and the United States Court of Appeals for the Eleventh Circuit affirmed his conviction and sentence. *United States v. Nice*, No. 10-13528 (11th Cir. Apr. 28, 2011). Thereafter, Nice filed three motions to vacate, set aside, or correct sentence pursuant 28 U.S.C. § 2255, all of which the district court denied. *United States v. Nice*, No. 0:09cr60285-KAM-1, Dkt. Nos. 68, 78, 79, 80, 90, and 91 (S.D. Fla. July 26, 2010). Nice now petitions this court pursuant to § 2241 for habeas relief pursuant to *Johnson*, which held that imposing an increased sentence under the residual clause of

the Armed Career Criminal Act, 18 U.S.C. § 924(e), violates the Constitution's guarantee of due process.

Nice challenges the legality of his federal sentence, and such claims must normally be raised on appeal or in a § 2255 motion in the sentencing court. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). Section 2241 petitions generally challenge the way a sentence is executed. *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). Nice, in order to bring his current challenge under § 2241, would have to meet the requirements of the § 2255 savings clause and then meet the stringent standard mandated under *In re Jones* to establish that a § 2255 motion is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); *see In re Jones,* 226 F.3d at 333-34 (finding that a challenge to a federal conviction is barred from review under § 2241 absent a showing that under a post-conviction change in the law, petitioner's offense conduct is no longer criminal).

The current petition fails to state facts that are sufficient for Nice to satisfy the savings clause and *In re Jones* standards. Because *Johnson* had no effect on the criminality of Nice's offense conduct – possessing a firearm as a convicted felon – he cannot proceed with his claim under § 2241. Therefore, the court will dismiss this action without prejudice.[1]

---

[1] The court declines to construe Nice's petition as a § 2255 motion. First, § 2255 motions must be brought in the court which imposed the sentence. *See* 28 U.S.C. § 2255; *see also Swain v. Pressley*, 430 U.S. 372, 378 (1977). Second, Nice has already filed three § 2255 motions in the Southern District of Florida. *See United States v. Nice*, No. 0:09cr60285-KAM-1, Dkt. Nos. 68, 78, 79, 80, 90, and 91 (S.D. Fla. July 26, 2010). In order to file a successive § 2255 motion in the district court, Nice must receive pre-filing authorization from the United States Court of Appeals for the Eleventh Circuit. *See* § 2255(h). Because Nice has not demonstrated that the Court of Appeals has issued him pre-filing authorization to submit a second or successive § 2255 motion, the sentencing court has no jurisdiction to consider the merits of his § 2255 claims. Accordingly, the court does not find that transfer of a clearly successive § 2255 motion to the sentencing court furthers the interests of justice or judicial economy. Therefore, this court declines to construe his petition as a § 2255 motion and declines to transfer Nice's petition.

An appropriate order will be entered.

Entered: August 28, 2017.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge